787 F.2d 591
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
QUIRRINO MARINUCCI, Petitioner
v.
CONSOLIDATION COAL COMPANY, Respondent
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
Party-in-Interest-Respondent.
 85-3309
 United States Court of Appeals, Sixth Circuit.
 3/7/86
 
 REVERSED IN PART, GRANTED IN PART AND REMANDED
 Ben.Rev.Bd.
 ON PETITION FOR REVIEW OF A DECISION AND ORDER OF THE BENEFITS REVIEW BOARD
 Before: MARTIN and KRUPANSKY, Circuit Judges; and CHURCHILL,* District Judge.
 PER CURIAM.
 
 
 1
 Quirrino Marinucci petitions for review of a denial of black lung benefits. An administrative law judge awarded him benefits for pneumoconiosis under the Black Lung Benefits Act. The Benefits Review Board reversed. The Director of the Office of Workers' Compensation Programs and the Consolidation Coal Company, Marinucci's employer, oppose his petition.
 
 
 2
 Relying upon the medical reports of Dr. Greene and Dr. Strimlan, the administrative law judge invoked the interim presumption pursuant to 20 C.F.R. Secs. 727.203(a)(1) and (a)(3) and awarded benefits to Marinucci. She rejected the employer's contention that it had introduced sufficient medical evidence to rebut the presumption of disability pursuant to 20 C.F.R. Sec. 727.203(b)(3), which requires 'evidence establish[ing] that the disability of the miner did not arise in whole or part out of coal mine employment.' 20 C.F.R. Sec. 727.203(b)(3) (1984). In support of its assertion, the employer argued that the report of Dr. Strimlan established that Marinucci's condition was not related to his years of coal mine employment. The administrative law judge, however, assigned 'very little weight' to Dr. Strimlan's opinion. She found Dr. Strimlan's opinion to be internally inconsistent because he stated Marinucci has x-ray evidence of pneumoconiosis (a 10 to 20% respiratory impairment), but concluded that Marinucci's pneumoconiosis causes little or no impairment. She also found that Dr. Strimlan's opinion was contrary to the purpose of the Act.
 
 
 3
 Following the administrative law judge's decision, respondents appealed to the Benefits Review Board. The Board reversed on the grounds that the administrative law judge's conclusion, that Dr. Strimlan's report was contrary to the Act and internally inconsistent, was in error, and that his report was uncontradicted. Marinucci now contends that the presumption was never sufficiently rebutted and we agree.
 
 
 4
 In Gibas v. Saginaw Mining Co., 748 F.2d 1112, 1120 (6th Cir. 1984), cert. denied, 105 S. Ct. 2357 (1985), we stated:
 
 
 5
 If an employer is able to prove that pneumoconiosis played no part in causing a miner's disability, then the employer has satisfied the requirements of section 727.203(b)(3). Where, however, pneumoconiosis is a contributing cause to a miner's total disability, he is conclusively entitled to benefits.
 
 
 6
 (citations omitted) (emphasis added). The record before us reveals that the administrative law judge considered all of respondent's evidence. She expressly acknowledged Dr. Strimlan's erroneous finding that Marinucci's respiratory impairment was primarily due to his chronic pulmonary disease caused by cigarette smoking. She also acknowledged his opinion that Marinucci's disability was not caused by pneumoconiosis. Nonetheless, the judge found persuasive evidence that Marinucci has pneumoconiosis, is disabled from shortness of breath and has been in coal mine employment for 35 years. In light of those facts, the judge found persuasive evidence that the presumption of section 727.203(a) had been invoked and respondents had failed to rebut that presumption. We find no error in these conclusions.
 
 
 7
 Additionally, respondents had the burden of proving that Marinucci was not totally disabled. See Gibas, 748 F.2d at 1120. The administrative law judge did not conclude that this burden had been met. A review of the record reveals substantial evidence to support this conclusion. Choosing between conflicting reasonable interpretations of the evidence is the province of the administrative law judge, not the Board. Miller v. Central Dispatch, Inc., 673 F.2d 773 (5th Cir. 1983). Therefore, the decision was free of factual or legal error.
 
 
 8
 The judgment of the Board is reversed; the petition for review is granted, and the case is remanded to the Board with instructions that benefits be awarded.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation